IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MLC AUTOMOTIVE, LLC; and LEITH OF FAYETTEVILLE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:05CV01078 |
| TOWN OF SOUTHERN PINES; the SOUTHERN PINES TOWN COUNCIL; and FRANK QUIS, DAVID WOODRUFF, FRED WALDEN, CHRISTOPHER SMITHSON and MIKE HANEY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM ORDER

TILLEY, District Judge

This case arises out of a zoning dispute between Plaintiffs MLC Automotive, LLC and Leith of Fayetteville, Inc. (collectively, "Leith") and Defendants the Town of Southern Pines, the Southern Pines Town Council, and the individual members of the town council (collectively, the "Town"). Leith claims it had acquired vested property rights in a twenty-one acre parcel of land in Southern Pines and that the rezoning decision at issue violated its federal and state substantive due process rights. Leith also raises claims for tortious interference with contract and tortious interference with prospective economic advantage. The matter is now before the Court on: (1) Leith's Motion for Partial Summary Judgment (Doc. # 40); (2) Leith's Motions to Strike various affidavits and town council meeting transcripts (Doc. ##

59, 64); (3) the individual town council members' Motion for Summary Judgment (Doc. # 45); (4) the Town's Motion for Summary Judgment (Doc. # 47); and (5) the Town's Motion for Extension of Time to File Supplemental Motion for Summary Judgment on Tortious Interference with Prospective Economic Advantage Claim (Doc. # 66).

On May 15, 2007, the United States Magistrate Judge recommended that the Town's Motion for Summary Judgment be granted with respect to the substantive due process claims and that the Court not exercise supplemental jurisdiction over the remaining state law claims. It was further recommended that Leith's Motion for Partial Summary Judgment and Motions to Strike be denied, that the Town's Motion for Extension of Time to File Supplemental Motion for Summary Judgment on Tortious Interference with Prospective Economic Advantage Claim be denied as moot, and that no action be taken on the individual town council members' Motion for Summary Judgment. Leith filed objections to the Recommendation (Doc. # 77) and the Town did not respond. Following a <u>de novo</u> review, for the reasons set forth below, this case is stayed pending the resolution of the land use and zoning issues in state courts.

I.

The facts, which are set out in further detail in the Recommendation, are as follows. Leith is in the business of developing and operating automobile dealerships. In 2000, Leith became interested in developing an automobile park in

Southern Pines. An automobile park consists of multiple automobile dealerships located at a single location or site.

In March 2001, Leith entered into a contract to purchase twenty-one acres of land fronting Highway 1 in the Town's Urban Transition Highway Corridor Overlay District (the "Property"). Before purchasing the Property, Leith obtained several written determinations from the Town confirming that the Property was zoned as General Business ("GB"), which allows for the development and operation of an automobile park as a matter of right. In reliance on the GB zoning and reassurances by the Town, Leith closed on the Property in January 2002 for $1,553,904. Leith began site work on the Property in December 2004. In January 2005, Leith entered into a valid and binding letter of intent with Suzuki Motor Corporation, which gave Leith a contractual right to hold the Suzuki franchise in Southern Pines if certain terms and time tables were met.

In April 2005, Leith's initial plans were criticized by the Town as being inconsistent with downtown Southern Pines. Leith submitted revised plans in June 2005, which were received with favorable comments. Before the next town council meeting, however, a large number of citizens began to protest the proposed automobile park. Groups of citizens requested: (1) that the Property be rezoned as Office Services ("OS"), which does not allow for automobile dealerships under any circumstances; (2) that the Town's Unified Development Ordinance ("UDO") be amended to prohibit Leith's intended use and to reduce the allowable

3

impervious surfaces for development from sixty-five to forty percent; and (3) that the Town "take the property by eminent domain and use the land to build a park that can be used by citizens."

On October 11, 2005, the town council voted unanimously to rezone the Property to OS. As a result, Leith was prohibited from developing and operating an automobile dealership on the Property, lost the Suzuki letter of intent, and incurred substantial monetary loss. Leith asserts that from the date that it received the initial zoning compliance letter from the Town in 2001 until the 2005 rezoning of the Property, it spent a total of $2,072,060 towards development of the automobile park.[1]

II.

A federal court may refrain from exercising its jurisdiction where necessary to show proper deference for a state's domestic policy. Burford v. Sun Oil Co., 319 U.S. 315, 317-18, 63 S. Ct. 1098, 1099 (1943). "The decision to abstain from exercising otherwise proper jurisdiction may and should be raised by the Court sua sponte." Prentiss v. Allstate Ins. Co., 87 F. Supp. 2d 514, 517

---

[1] The $2,072,060 is broken down as follows: $1,553,904 to purchase the Property; $24,765 for regulatory compliance and engineering services; $14,122 for architectural services; $20,507 for legal services; $33,546 for appraisal, survey, geotechnical and environmental assessment, and construction management services; $124,747 for the time and effort spent by Leith officers and employees; $52,029 for property taxes; $235,686 in interest on the loans that financed the purchase of the Property; and $12,754 for the cost of money on cash outlay to develop and maintain the Property.

(W.D.N.C. 1999) (citation omitted). Burford abstention, however, is the exception and not the rule. Pomponio v. Fauquier County Bd. of Supervisors, 21 F.3d 1319, 1324 (4th Cir. 1994) (en banc) (overruled in part on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 728-31, 116 S. Ct. 1712, 1727-28 (1996)).

"The Supreme Court has noted that its precedents 'do not provide a formulaic test for determining when dismissal under Burford is appropriate.'" Fourth Quarter Props. IV, Inc. v. City of Concord, 127 F. App'x 648, 654 (4th Cir. 2005) (quoting Quackenbush, 517 U.S. at 727, 116 S. Ct. at 1726). Abstention is inappropriate when a case involves "the presence of a genuine and independent federal claim"; however, litigants should not be allowed to "disguise [state law] issues as federal claims" to avoid abstention. Pomponio, 21 F.3d at 1327-28; see also Fourth Quarter Props. IV, Inc., 127 F. App'x at 654. The Fourth Circuit has instructed:

> In cases in which plaintiff's federal claims stem solely from construction of state or local land use or zoning law, not involving the constitutional validity of the same and absent exceptional circumstances . . ., the district courts should abstain under the Burford doctrine to avoid interference with the State's or locality's land use policy.

Pomponio, 21 F.3d at 1328.

This case is not one involving a genuine and independent federal claim. The federal claim in this case is inextricably woven with the state common law vested rights claim. The issue of whether Leith was denied its substantive due process

5

rights in violation of 42 U.S.C. § 1983, which involves the interpretation of state land use and zoning laws, is more appropriately heard in state court. In addition, there are no "exceptional circumstances" present to warrant this Court leaving its "indelible print on local and state land use and zoning law . . . and, in effect, sitting as a zoning board of appeals." See Pomponio, 21 F.3d at 1327.

Having determined that abstention is appropriate, it must be determined whether this case should be stayed or dismissed. In cases of abstention, the issue of whether a district court should dismiss a case or retain jurisdiction pending disposition of the matters in state court depends on the relief sought. Dismissal "is appropriate only where the relief sought is equitable or otherwise discretionary." Front Royal and Warren Co. Indus. Park Corp. v. Town of Front Royal, 135 F.3d 275, 282 (4th Cir.1998). "In damages actions, a federal court cannot dismiss the action but can enter a stay to await the conclusion of state proceedings." Id. (citing Quackenbush, 517 U.S. at 728-31, 116 S. Ct. at 1727-28). Because Leith seeks both equitable relief and damages, a stay is proper in this case.

III.

For the reasons discussed above, IT IS ORDERED that this case is STAYED pending resolution of the land use and zoning issues by the state courts.

This the day of June 19, 2007

    /s/ N. Carlton Tilley, Jr.
United States District Judge